IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Brian E. Smithberger, | Case No. 3:10 CV 2413 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Ernie Moore, et al., | |
| Defendants. | |

**INTRODUCTION**

This matter comes before the Court on Defendant Margaret Beightler's Motion to Dismiss Plaintiff's Complaint for failing to exhaust his administrative remedies (Doc. No. 18), as well as the separate motions of Defendants Eduardo Castaneda and Janet Wolery to dismiss Plaintiff's request for injunctive relief (Doc. Nos. 17, 20).

**Defendant Beightler**

Plaintiff, a former inmate at the Marion Correctional Facility, filed this action against Defendants under 42 U.S.C. § 1983, alleging he was denied proper dental care while incarcerated. He seeks both monetary and injunctive relief.

The Prison Litigation Reform Act requires inmates to exhaust their administrative remedies prior to filing suit under Section 1983. 42 U.S.C. § 1997e(a). In Ohio, "[g]rievances against the warden . . . must be filed directly to the office of the chief inspector within thirty calendar days of the event giving rise to the complaint." O.A.C. 5120-9-31(M). Furthermore, those grievances "must show that the warden . . . was personally and knowingly involved in a violation of law, rule or policy,

or personally and knowingly approved or condoned such a violation." *Id.* Plaintiff, however, only filed grievances against Defendants Castaneda, Wolery and Smith, and not Defendant Beightler (Doc. No. 2, at 5). Accordingly, Plaintiff failed to exhaust his administrative remedies against Beightler and she is dismissed from this action. *See* § 1997e(a) ("No action shall be brought with respect to prison conditions . . . until such administrative remedies are available are exhausted."); *Porter v. Nussle,* 534 U.S. 516, 524 (2002) (noting that exhausting administrative remedies under Section 1997e is "mandatory").

### Injunctive Relief

In addition to monetary damages, Plaintiff requests this Court order (1) the prison "fix or pull" his tooth, and (2) the prison dentist, Defendant Wolery, lose her dental license (Doc. No. 2, at 6). Plaintiff, however, is no longer incarcerated (Doc. No. 16, ¶ 9). *See* www.drc.ohio.gov. "Generally, a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief with respect to the jail." *Cannon v. Norman*, 1991 U.S. App. LEXIS 25374 (6th Cir. 1991) (citing *McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir. 1984)).

Here, Plaintiff's release makes his request for the prison dentist to repair his tooth moot, as he is no longer subject to the conditions of incarceration. *See Drake v. Bocook,* 1987 U.S. App. LEXIS 5999, at *2 (6th Cir. 1987). Furthermore, even if Plaintiff was successful on his claims, this Court does not have the authority to order Defendant Wolery to relinquish her dental license, as any action taken with respect to her dental license occurs through the Ohio State Dental Board. *See* R.C. 4715.03.

For the foregoing reasons, Defendant Beightler's Motion to Dismiss (Doc. No. 18) is granted and she is dismissed from this lawsuit; the motions of Defendants Castaneda and Wolery (Doc. Nos. 17, 20) are granted and Plaintiff's request for injunctive relief is denied as moot.

The Court will hold a Phone Conference on **Thursday, March 10, 2011 at 9:00 a.m.** The Court will initiate the call. Plaintiff Brian Smithberger is ordered to call the Court at (419) 213-5675 and provide a phone number where he may be reached.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 1, 2011